**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00183-FDW**

| | |
|---|---|
| DAVID WAYNE EWART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MIKE SLAGLE, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner David Wayne Ewart's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court are Petitioner's Motion for Leave to Proceed In Forma Pauperis ("IFP") (Doc. No. 2) and Motion to Amend/Supplement Pleading (Doc. No. 3).

**I.    BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on February 4, 2008, pled guilty pursuant to a plea agreement in McDowell County Superior Court, to two counts of attempted first-degree rape, four counts of attempted first-degree sex offense, and four counts of indecent liberties. (J. and Commit. Form, Doc. 1 at 37-38; Plea Agree., Doc. No. 1 at 39.) Judgment was consolidated, and Petitioner was sentenced to 189-236 months in prison. (J. and Commit. Form, Doc. 1 at 37-38; Plea Agree., Doc. No. 1 at 39.) Petitioner does not state whether he filed an appeal, and the Court was unable to find evidence that he appealed.

According to Petitioner, he filed a state petition for writ of habeas corpus in the North Carolina Court of Appeals on May 10, 2018; it was denied on May 11, 2018. (NCCOA Order Deny. Habeas Corpus Pet., Doc. No. 1 at 16.) He then filed a notice of appeal in the North Carolina Supreme Court, which was denied on May 23, 2018.) (NCSC Order Deny. Not. of

1

Appeal, Doc. No. 1 at 17.)

Petitioner filed the instant federal habeas Petition on June 24, 2018. He claims that one of his indictments for first-degree rape (Class B-2 felony) actually charged him with second-degree rape (Class C felony) and that his attorney was ineffective for allowing him to plead guilty to a Class B-2 felony on a Class C indictment.

**II.     STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

**III.     DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment was entered, according to his habeas Petition, on February 4, 2008, when he was sentenced. (§ 2254 Pet. 1.) To the extent he retained the right to a direct appeal subsequent to his guilty plea, Petitioner had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal, Petitioner's judgment became final on or about February 18, 2008, when the time for filing an appeal expired. See § 2244(d)(1)(A).

The statute of limitations then ran for 365 days until it fully expired on or about February 18, 2009, more than nine years before Petitioner filed the instant habeas Petition. None of Petitioner's filings in the state courts after that date resurrected or restarted the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Consequently, absent application of § 2244(d)(1)(B), (C), or (D), or equitable tolling, the § 2254 Petition is barred by the statute of limitations. See § 2244(d)(1)(A).

Petitioner asserts that his Petition is timely because he did not discover the flaw in his indictment until he received his case file from his attorney in December 2017. (§ 2254 Pet. 13.) Under § 2244(d)(1)(D), the statute of limitations begins to run on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Although Petitioner did not receive his case file until December 2017, he does not provide any information about when he first requested it or why he waited nine years for it to be produced. As such, he has not shown that the factual predicate on which his claims are based

3

was not discoverable through the exercise of reasonable diligence until December 2017.

Equitable tolling of the statute of limitations is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner has not demonstrated he has been pursuing his rights diligently. Nor has he demonstrated that some extraordinary circumstance stood in the way of his filing a timely federal habeas petition. Accordingly, his Petition is time-barred, § 2244(d)(1)(A), and he is not entitled to the equitable tolling of the statute of limitations.

Petitioner's motion to amend shall be granted as he merely seeks to supplement his habeas Petition with additional legal authority. His Motion to Proceed In Forma Pauperis likewise shall be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. §§ 2244(d)(1)(A);

2. The Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**;

3. The Motion to Amend/Supplement Pleading (Doc. No. 3) is **GRANTED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: April 1, 2019

Frank D. Whitney
Chief United States District Judge